**AKIN GUMP STRAUSS HAUER & FELD LLP**
HYONGSOON KIM (SBN 257019)
kimh@akingump.com
KELSEY S. MORRIS (SBN 277859)
kmorris@akingump.com
4 Park Plaza, Suite 1900
Irvine, CA 92614
Tel: 949-885-4100
Fax: 949-885-4101

COREY W. ROUSH (*pro hac vice*)
croush@akingump.com
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC 20006-1037
Tel: 202-887-4000
Fax: 202-887-4288

ALI R. RABBANI (SBN 253730)
arabbani@akingump.com
1999 Avenue of the Stars Suite 600
Los Angeles, CA 90067
Tel: 310-229-1000
Fax: 310-229-1001

Attorneys for Defendant and Counterclaimant
ANTECH DIAGNOSTICS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL PATT, D.V.M., and LITTLE CRITTERS VET, LLC, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTECH DIAGNOSTICS, INC.<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No.: 8:18-cv-01689-JLS (DFMx)<br><br>**JOINT STIPULATION REQUESTING DISMISSAL OF ALL CLAIMS AND COUNTERCLAIM**<br><br>Place: Courtroom 10A<br>Judge: Hon. Josephine L. Staton |

Plaintiffs Jill Patt, D.V.M., and Little Critters Vet, LLC ("Plaintiffs") and Defendant Antech Diagnostics, Inc. ("Antech," and collectively the "Parties"), through their respective attorneys of record, hereby enter into this Stipulation with reference to the following circumstances:

WHEREAS, on September 19, 2018, Plaintiffs filed a complaint in the above-captioned matter (Dkt. No. 1);

WHEREAS, Antech filed its motion to dismiss the complaint, which was granted (Dkt. No. 31);

WHEREAS, on September 9, 2019, Plaintiffs filed their First Amended Complaint (Dkt. No. 34);

WHEREAS, Antech filed its motion to dismiss the First Amended Complaint, which was granted in part and denied in part (Dkt. No. 44);

WHEREAS, on July 20, 2020, Plaintiffs filed their Second Amended Complaint (Dkt. No. 53), which is the operative complaint in this action ("SAC");

WHEREAS, on September 4, 2020, Antech filed its First Amended Counterclaim against Plaintiffs (Dkt. No. 58), which is the operative counterclaim pleading in this action ("FACC");

WHEREAS, on April 5, 2021, the Court entered its Order Granting Second Joint Stipulation to Extend Case Schedule (Dkt. No. 70) setting the deadline for filing a motion for class certification on July 15, 2021;

WHEREAS, from June 2020 through June 2021, the Parties engaged in extensive discovery resulting in the production of thousands of pages of documents by both sides, the deposition of Plaintiffs, and scheduling of the deposition of Antech;

WHEREAS, the Parties reached a settlement of Plaintiffs' individual claims and gave notice of it to the Court, resulting in the Court's Order Staying Case Pending Execution and Approval of Settlement (Dkt. No. 72);

WHEREAS, the Parties requested an extension of the stay to complete settlement documentation, pursuant to which the Court entered its Order re Notice of Dismissal (Dkt. No. 74); and

WHEREAS, as set forth below and consistent with this Court's procedures, the Parties hereby articulate why the factors as identified in *Diaz v. Trust Territory of the Pacific Islands* ("*Diaz*"), 876 F.2d 1401, 1408 (9th Cir. 1989), favor dismissal and why notice need not be provided to the putative class.

## **THE *DIAZ* STANDARDS AS THEY APPLY TO THIS CASE**

Under *Diaz*, settlements reached before a class is certified must satisfy Federal Rule of Civil Procedure 23(e), and a court must "approve any dismissal or compromise of a class action." *Diaz*, 876 F.2d at 1408. Consistent with *Diaz*, a court must assess potential prejudice to the putative class members from: (1) "possible reliance on the filing of the action if they are likely to know of it either because of publicity or of other circumstances;" (2) "lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitation;" and (3) "any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Id.*

As to the first factor, this action has not garnered significant media attention or publicity. Plaintiffs are aware of only one article published about this case, an article dated October 1, 2020 on vin.com, which is an online forum for veterinary practitioners operated by Veterinary Information Network, Inc. Moreover, veterinarians have not contacted Plaintiffs or counsel to seek information about the case, and Plaintiffs and counsel are not aware of any veterinarians who are relying on the present matter in lieu of filing their own action.

Additionally, given the nature of this case, putative class members are less likely to rely on the filing of this action to protect their interests than would be the case in other consumer, employment or securities cases. Plaintiffs and the members of the putative class are professional veterinarians running substantial businesses with Antech as one of

their vendors. Each veterinarian would have a greater interest in protecting their own business than would these other types of plaintiffs. For example, this case was filed after Plaintiffs received a letter from Antech demanding payment of nearly $300,000 for alleged breaches of contract. Were other veterinarians to be faced with such a demand, they would be unlikely to rely on this class action to protect their interests.

Certain facts established in this case also make it unlikely that other veterinarians are relying on this action to protect their interests. Plaintiffs testified in deposition that there are significant differences between veterinarian practices in urban versus rural settings, between geographic locations, and between practice types. Indeed, Plaintiffs acknowledged that each veterinarian practice is unique in what mix of tests it orders from a reference lab and that the potential harm from the conduct alleged in this case would depend on a clinic's individual practice and its experience with Antech. In other words, a large animal veterinarian in Kentucky horse country would not reasonably assume that its rights against a diagnostic lab would be protected by a Phoenix veterinarian specializing in dogs, cats and exotics.

As to the second factor, there is no rapidly approaching statute of limitations that would preclude putative class members from filing their own individual action. The case has been pending for less than three years (less than the period of likely applicable statutes of limitations), and individual claims may continue to accrue (though Antech disputes any would have merit).

As to the third factor, the Settlement Agreement[1] does not resolve or concede any class interest nor arise from any collusion to the detriment of the punitive class. The settlement releases are limited to Plaintiffs' individual claims, and thus do not prejudice the rights of any unnamed putative class members.

Further, the settlement is the product of arm's length negotiations conducted by counsel knowledgeable in complex litigation. There is an initial presumption that a

---

[1] The Parties have concurrently filed an Application to Seal the Settlement Agreement, for the reasons stated in that Application.

proposed settlement is fair and reasonable when it is the result of arm's length negotiations. *See In re Excess Value Ins. Coverage Litig.*, 2004 U.S. Dist. LEXIS 14822, at *34 (S.D.N.Y. July 30, 2004) ("[W]here 'the Court finds that the Settlement is the product of arm's length negotiations conducted by experienced counsel knowledgeable in complex [] litigation, the Settlement will enjoy a presumption of fairness.'"); *In re Inter-Op Hip Prothesis Liab. Litig.*, 204 F.R.D. 359, 380 (N.D. Ohio 2001) ("[W]hen a settlement is the result of extensive negotiations by experienced counsel, the court should presume it is fair."). The opinion of experienced counsel, as here, is also entitled to considerable weight. *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs.").

Here, Plaintiffs' counsel navigated the present settlement only after vigorously litigating the case for three years, through multiple motions to dismiss and through extensive discovery that involved scrutinizing Plaintiffs' veterinary practice records and spending substantial sums on expert witnesses. The time, funds, and risks expended by Plaintiffs and counsel demonstrate nothing less than maximum effort to press the case, and the settlement reflects their evaluation of its strengths and weaknesses, including reasonable doubt concerning whether class would be certified. Plaintiffs believe the amount recovered in settlement is reasonable particularly if class certification was denied and the case played out as an individual contract action with attorneys' fees and costs to the prevailing party.

## NO NOTICE REQUIRED

*Diaz* also recognizes that notice to the putative class of a pre-certification dismissal is not required unless there is evidence that (i) the plaintiff appended class allegations in an attempt to obtain a favorable settlement, (ii) the proposed settlement results in the depletion of funds or structural relief that is adverse to putative class interests, or (iii) putative class members have relied on the pending action and may face an expiring statute of limitations after dismissal. *Diaz*, 876 F.2d at 1408.

Based on the above application of the *Diaz* factors, the terms and conditions of the Confidential Settlement Agreement, the absence of any collusion, and the lack of any prejudice to unnamed putative class members, the Parties do not believe that notice to putative class members of the settlement is required.  Antech does not contend that Plaintiffs' class allegations were brought with an improper purpose, and Plaintiffs' dedicated prosecution of the putative class claims demonstrates the believed genuineness of its class allegations.  The proposed settlement also does not deplete any finite amount of funds or result in structural relief adverse to putative class interests.  Finally, as discussed above, the Parties have no evidence that putative class members have relied on the pending action or that any substantial number of putative class members will face an expiring statute of limitations.  Accordingly, the Parties request the Court dismiss the class claims in this action without requiring notice to the putative class.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## DISMISSAL REQUESTED

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the Parties therefore stipulate and request the Court (1) dismiss with prejudice Plaintiffs' claims and Antech's counterclaim, without any findings of liability, wrongdoing, admissions, fault or damages of any kind, and (2) dismiss the class claims without prejudice and without requiring notice to the putative class.  Each Party to bear their own respective attorneys' fees and costs.

DATED:  August 30, 2021

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By:   /s/ Hyongsoon Kim
        Hyongsoon Kim

4 Park Plaza, Suite 1900
Irvine, CA 92614
Telephone:  (949) 885-4100
Facsimile:  (949) 885-4101
Email: kimh@akingump.com

Attorneys for Defendant

DATED:  August 30, 2021

**GREEN & NOBLIN, P.C.**

By:   /s/ Robert S. Green
        Robert S. Green

Robert S. Green
James Robert Noblin
2200 Larkspur Landing Circle, Suite 101
Larkspur, CA  94939
Telephone:  (415) 477-6700
Facsimile:  (415) 477-6710
Email:  gnecf@classcounsel.com

Attorneys for Plaintiffs

# ATTESTATION

I, Hyongsoon Kim, am the ECF User whose identification and password are being used to file the **JOINT STIPULATION REQUESTING DISMISSAL OF ALL CLAIMS AND COUNTERCLAIM**. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Robert Green has concurred in this filing

DATED: August 30, 2021

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: /s/ Hyongsoon Kim
     Hyongsoon Kim

4 Park Plaza, Suite 1900
Irvine, CA 92614
Telephone: (949) 885-4100
Facsimile: (949) 885-4101
Email: kimh@akingump.com

Attorneys for Defendant